### DEN, EX DEM. LEE, v. EVAUL AND KAIGHN.

1. Hearsay evidence not sufficient to support a motion to change the venue.

2. In local actions the venue may be changed, but it must be. on clear proof that an impartial trial cannot otherwise be had.

3. When the plaintiff is desirous of changing the venue, he must move to amend, and a suggestion must be entered on the record.

4. The court may order a tales, though the jury is special, and summoned from a remote county.

5. When the array is challenged, the tryors are to be appointed by the court from the panel, unless there are special objections, when persons not on the panel may be appointed.

6. The return of a writ, endorsed on it, must be proved by the person in whose handwriting it appears to be.

7. The proof of being a deputy sheriff may be by parol. ·

8. A deputy sheriff cannot act until sworn into office, and his swearing in will not have relation back, so as to validate previous acts.

9. There may be a challenge to the array of a special jury, that they were not returned by sheriff.

---

In ejectment, tried at bar, before a special jury from the county of Gloucester.

In November Term last, this cause was brought to the bar by plaintiff, and the trial put off by affidavit. The defendant then obtained a proviso rule, and the trial came on this term, upon the defendant's notice. The day after the end of November Term, the plaintiff gave notice that on the first day of this term, he should move the court to change the venue from the county of Gloucester.

[284] The cause being called for trial, the counsel for the plaintiff moved, agreeably to their notice, to change the venue, which was grounded upon two affidavits: the first, by the lessor of the plaintiff, stating that there was a general prejudice in the county of Gloucester against this claim, arising from the great number of persons holding property there upon mere possession without title, under the same circumstances with the defendants.

The second affidavit contained the deposition of one Kempton, and stated that at the time when the trial went off on a former occasion, the deponent had heard the jury conversing together upon the subject, and several of them said they wished the cause had come on, as they were sure Lee would stand as good a chance then as ever he would, for they thought he could never get a jury in Gloucester county who would give a verdict for him.

The motion was opposed by *Leake* and *R. Stockton.*

1st. Because the notice was informal, being to change the venue, whereas, it should have been to amend.

2d. That the motion was too late even to amend, after the plaintiff had given notice of trial, and brought a jury once to the bar; at all events, the motion should have been made the last term.

3d. That the affidavits were insufficient to warrant the court in allowing the rule, the allegations being extremely vague, and resting altogether upon hearsay. *Rex* v. *Harris,* 3 *Burr.* 1330.

In favor of the motion was cited the case of *Coxe* v. *Every,* August Term, 1734.

PER CUR. The facts stated in the affidavits are insufficient. Lee's affidavit must be laid out of the question; he states nothing from his own knowledge, but merely that he is " credibly informed." Assertions resting upon evidence so loose and indeterminate cannot be regarded by the court. As to Mr. Kempton, though a man of respectability, and one to whom we give entire credit, yet his knowledge is fully as imperfect; it is merely the hearsay of some jurymen at the former trial; their names are unknown.

[285] In local actions there can, we think, be no doubt that the court may, under particular circumstances, change the venue, (see 1 *Caines* 1, 2d ed., *and the notes,*) but it is not in every case that this will be done. We require clear proof that an impartial trial cannot otherwise be had.

We think, also, that the notice in this case is extremely

defective, in saying that the motion will be to change the venue. A plaintiff must move to amend, and a suggestion should be entered on the record.

The cause came on to trial.

The jury being called, only nine appeared, upon which the counsel for the defendant prayed a *decem tales,* and cited 3 *Bl. Com.* 364, 5; *Den* v. *Lord Cadogan,* 1 *Burr.* 273; *Compl. Jurym.* 91 ; 2 *Hawk.* 575, b. 2, c. 41.

This was opposed, on the ground that it was a foreign and a special jury ; that such a practice was novel and inconsistent with the design of special juries ; that it would be dangerous in practice, &c.

KINSEY, C. J.  I see no objection to this proceeding. The court may order a *decem tales* in such a case.  The other justices concurring, a *decem tales* was ordered, returnable the following day at ten o'clock A. M.

After the *decem tales* was ordered, the counsel for the plaintiff challenged the first panel, because arrayed and returned by Edward Vaughn, and not by Flannigan, the sheriff of Gloucester county.  The defendants take issue upon the fact, on which defendant's counsel move for tryors.

KINSEY, C. J.  They must be taken out of the panel agreeably to the law as laid down in *Trials per Pais.*

*Ab. Ogden* cited *Complete Juryman* 137, to show that the court might appoint others in their discretion ; but—

PER CUR.  In the first instance, they must come from the panel ; if there are special objections, other persons may be appointed.

[286] The tryors were affirmed, " well and truly to try the issue of challenge joined, and a true finding make."

A witness was called to prove that the return on the *distringas* was in the handwriting of Vaughn.  Objected, be-

Den, ex dem. Lee, v. Evaul and Kaighn.

cause Vaughn was himself in court, and should be called. The court ordered Vaughn to be called and sworn.

Being examined, he proved the return of panel and *distringas* to be in his handwriting. He swore also that he was the deputy of Flannagan, the sheriff, but said that his deputation was at his home.

Objected that, being a private deputy, and not a public officer, he should show his written deputation.

PER CUR. The proof is sufficient for the tryors. (*a*)

Vaughn then proved that he had never been sworn into office until that morning, but had acted as under-sheriff since his deputation.

PER CUR. In charge to tryors—

Vaughn was not a complete deputy to perform the duties of his office, or to return process, until he had taken the necessary oaths. His swearing in at this period cannot help his imperfect acts by relation. A case has been cited from our own minutes, in April Term, 1788, which is in point, and is good law.

The tryors returned a verdict that the array was not valid, whereupon it was quashed, and the jury discharged.

After the finding of the tryors, and before the court had quashed the array, the counsel for the defendant objected that no challenge lay to the array of a special jury, on the ground that they were not returned by the sheriff, for that they were returned by the judge, and therefore contended that the finding of the tryors was void. But the court overruled the objection, and said that special jurors were summoned and returned by the sheriff.

(*a*) In the case of a public officer, as a sheriff, deputy-sheriff, justice of the peace, constable, &c., it is sufficient to prove that he acted as a public officer, without showing his appointment. *Berryman* v. *Wise*, 4 *T. R.* 366; *Potter* v. *Luther*, 3 *Johns.* 431.

CITED *in Stout* v. *Hopping*, 1 *Hal.* 125; *Murray* v. *N. J. R. R. & Tr. Co.*, 3 *Zab.* 63.